# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-30708
Summary Calendar

A. K. SUDA, INC.,

> Plaintiff - Cross Defendant - Appellant-Cross-Appellee,

> versus

SEAREX, INC.; ET AL,

> Defendants,

DEL BREIT; DEL BREIT, INC.,

> Defendants - Cross Plaintiffs - Appellees-Cross-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana
96-CV-4165-B

April 27, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

POLITZ, Circuit Judge:[*]

A.K. Suda, Inc. and Del Breit appeal the district court's denial of their claims seeking a percentage of monies received by one another from Searex, Inc. For the reasons assigned, we affirm the district court's denial of Suda's claim against Breit, and we reverse and remand the denial of Breit's claim against Suda.

## BACKGROUND

In 1990, Breit, a naval architect, contracted with Searex for the construction

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a self-propelled, offshore, self-elevating workboat. Approximately four years later Breit associated A. K. Suda, another navel architect, on the Searex project, for the purpose of providing the staff and computer support that Breit lacked. In March 1994, Searex, Suda, and Breit entered into a contract under which Suda and Breit were to design the vessel. In exchange for the drawings and engineering services to be provided by Suda and Breit, Searex agreed to pay $300,000. Under a contract between Suda and Breit dated December 27, 1995, Suda agreed to pay Breit twenty-percent of all fees received from Searex for the design of the vessel. The contract also stipulated that Suda would pay Breit twenty-percent of all design fees received from Searex for the second, third, and fourth vessels designed, and ten-percent of all money received for providing drafting and engineering services for detailed drawing development.

Searex became dissatisfied with Suda's work. In June 1996, the company discharged Suda from the March 1994 contract. Other than $7,500 initially paid to Suda, Searex made no further payments to Suda under the 1994 contract. Breit continued to work on the Searex project as its sole naval architect after Suda's termination. On May 2, 1997, Searex paid Breit $102,185 for Breit's work on the project.

After its discharge, Suda filed suit against Searex and Breit alleging copyright infringement, breach of contract, unjust enrichment, and unfair or deceptive trade practices. Searex and Suda subsequently entered into a settlement agreement under which Searex paid Suda $100,000.

In the trial court, Suda maintained that under the terms of his December 1995 fee-split agreement with Breit, he was entitled to eighty-percent of the money Breit received from Searex (specifically $81,748). Breit counterclaimed that he was entitled to twenty-percent of the $100,000 paid to Suda under the settlement agreement.

The district court denied the claims of both parties. Finding that a partnership existed between Suda and Breit, the court reasoned that Searex's termination of its contract with Suda prior to completion of the design work also terminated the contract between Suda and Breit because the object of the partnership could no longer be attained.[2] Accordingly, the court concluded that no portion of the money paid to Breit was owed to Suda under the terminated contract. Recognizing, however, that Suda would be entitled to share in compensation for Breit's partial performance in accordance with the terms of the December 1995 contract, the court nevertheless denied recovery to Suda based upon his misdeeds, particularly in light of the fact that Suda had already entered into a settlement with Searex that encompassed certain work performed. The district court also determined that Breit was not entitled to twenty-percent of the $100,000 settlement because his contract with Suda was terminated and he already had been paid for his services.

Suda and Breit timely appeal the denial of their claims.

### ANALYSIS

We review the district court's findings of fact for clear error.[3] The trial court's construction of a written contract, however, normally is a question of law.[4]

The parties do not contest on appeal the district court's finding that a partnership existed between Suda and Breit, nor does it appear that this finding was erroneous. We agree with the trial court's determination that the partnership between Suda and Breit ended when Searex terminated its contract with Suda, as

---

[2]The district court relied on **American Fidelity Fire Ins. Co. v. Atkison**, 420 So.2d 691 (La. App. 1982) and LA. CIV. CODE ANN. art. 2826.

[3]Fed. R. Civ. P. 52; **Rutgers v. Martin Woodlands Gas Co.**, 974 F.2d 659 (5th Cir. 1992).

[4]**Rutgers**, 974 F.2d at 661.

the object of the partnership between Suda and Breit could no longer be attained.[5]

Louisiana law provides that "[w]hen a partnership terminates, the business of the partnership ends except for purposes of liquidation."[6] Liquidation activities encompass "the concluding of business transactions, the realization of assets, the paying of creditors, and the division of net assets among the partners."[7] During liquidation, surplus assets are to be divided proportionately among the partners according to their respective interests in the partnership.[8] Applying Louisiana law to the present case, we conclude that the December 1995 contract between the parties governs liquidation. Suda and Breit are entitled to their share of sums earned during the duration of the partnership.

Suda maintains on appeal that he is entitled to eighty-percent of the $102,185 received by Breit. Breit claims that this amount was compensation for his services prior to and post-termination of the Searex contract with Suda. It is apparent from the record that Breit worked on the Searex vessel for several years, both before and after Suda's association with the project. Suda has failed to show how much, if any, of the $102,185 is attributable to work performed by Breit during the duration of the Suda-Breit partnership. Suda has not demonstrated that the $102,185, or any portion thereof, is an asset of the former partnership and he is not entitled to the eighty-percent he claims of that amount. We affirm the district court's denial of Suda's claim against Breit.

On appeal Breit contends that the district court erred in denying his claim

---

[5]**American Fidelity**, 420 So.2d 691; LA. CIV. CODE ANN. art. 2826.

[6]LA. CIV. CODE ANN. art. 2828.

[7]LA. CIV. CODE ANN. art. 2830, comment (b).

[8]LA. CIV. CODE ANN. art. 2833.

against Suda for twenty-percent of the $100,000 settlement Suda received. It is undisputed that Searex contracted with both Suda and Breit for the design work. The record reflects that Suda's work on the Searex project took place during the existence of the Suda-Breit partnership, and any obligation Searex had to compensate Suda accrued during the existence of the December 1995 fee-split agreement. The record also persuades that each of Suda's claims against Searex was based on the contract for design work, and that the settlement extinguished these claims. Because the settlement is directly related to the contract and Suda and Breit were hired solely to provide design work, we must conclude that the S100,000 was for design fees.[9] Under the December 1995 fee-split agreement, Breit is entitled to twenty-percent of the $100,000 settlement, to wit: $20,000.

For the foregoing reasons, the district court's judgment is AFFIRMED in part and REVERSED in part. This case is REMANDED for entry of judgment consistent herewith.

---

[9]On appeal Suda contends that the settlement was not for design fees, directing the court to language in the settlement agreement that states "the payment shall be not deemed under any circumstances to be one for 'design fees' under the December 27, 1995 letter agreement between Breit and Suda." This careful wording of the agreement in an obvious attempt to avoid paying Breit a portion of the settlement amount does not suffice to overcome the true nature of the settlement. As noted in the accompanying text, we conclude that the settlement was for design fees because it disposed of litigation arising exclusively from the contract for design work.